**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**TERRY LAMAR MCCOY**                                                      **PETITIONER**

**v.**                          **CASE NO. 4:21-cv-01065-LPR-JTK**

**LAFAYETTE WOODS, JR., et al.**                                  **RESPONDENT**


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

2

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## Introduction

Before the Court is the second, or successive, petition for writ of habeas corpus filed by Terry Lamar McCoy on October 29, 2021.[1] Petitioner is currently in the Jefferson County Jail charged with Battery in the third degree and failure to appear.[2]  He seeks this Court to issue an Order granting his habeas corpus relief. This Court issued Proposed Findings and Recommended Disposition, that were adopted in their entirety by the District Court Judge, dismissing McCoy's first petition for failure to exhaust administrative remedies. *See McCoy v. Gorman et al.,* 4:21-cv-00843-LPR (DE # 5).

Because McCoy challenges the same pre-trial detention in this petition as he did in his earlier petition, *See McCoy,* 4:21-cv-00843-LPR (DE # 2), the Court recommends that the Petition

---

[1]Because Petitioner challenges his pretrial detention on pending charges, his Petition is construed as requesting relief pursuant to § 2241.  *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) ("Pretrial [habeas] petitions are properly brought under § 2241 regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him") (internal quotations and citation omitted).

[2] *See* https://www.jeffcoso.org/roster?term=mccoy&search=Y (last visited November 9, 2021).

3

be dismissed without prejudice.[3]  *See* Rule 4 of the Rules Governing Habeas Cases (requiring dismissal of a habeas petition on a preliminary review if "it plainly appears from the petition . . . that the petitioner is not entitled to relief[.]"

## Discussion

Before filing a second or successive habeas petition in district court under §2254, a petitioner must seek and receive an order from the court of appeals authorizing the district court to consider a successive petition. 28 U.S.C. § 2244(b)(3)(A). Without an order from the court of appeals authorizing the filing of a second or successive habeas petition, a district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[4] Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the State – is appropriate where the petition itself, together with court records, show that the petition is a second or successive petition filed without authorization from the court of appeals. Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

The Court has reviewed McCoy's earlier petition. From the face of the instant habeas petition (DE #2), read together with the court records, it is apparent that this is a successive Petition. McCoy challenges the same pre-trial detention in this petition as he did in his earlier

---

[3] The Court notes Petitioner did not pay the $5.00 filing fee for this action.  Ordinarily that omission would have prompted the Court to hold Petitioner's submission in abeyance until he paid the proper filing fee or applied for leave to proceed *in forma pauperis*.  However, it is readily apparent that this action will have to be summarily dismissed for the reasons discussed herein and addressing the fee issue would only delay the inevitable dismissal of this action

[4] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

4

petition. And he does not allege or provide evidence that he has sought or received authorization from the Court of Appeals to file a successive petition. Accordingly, this Court has no jurisdiction to consider the merits of this petition.

### Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for Writ of Habeas Corpus (DE #2) be DENIED, and that the case be DISMISSED, WITHOUT PREJUDICE.

SO ORDERED this 12th day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE