IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TERRY LAMAR MCCOY**                                                                                  **PETITIONER**

v.                                       **CASE NO. 4:21-cv-01065-LPR-JTK**

**LAFAYETTE WOODS, JR., et al.**                                                            **RESPONDENT**

## ORDER

The Court has received proposed findings and recommendations from United States Magistrate Judge Jerome T. Kearney in which he recommended dismissal of petitioner Terry McCoy's petition for writ of habeas corpus as successive. However, 28 U.S.C. § 2244(b)(3)(A) does not provide a basis for dismissal of Mr. McCoy's habeas petition because § 2244's successive-petition bar does not apply to a state prisoner's habeas petition challenging pretrial detention under § 2241.[1] Thus, the Court declines to adopt the recommendation (Doc. No. 4).

Mr. McCoy filed his petition for writ of habeas corpus on September 22, 2021.[2] Petitioner is currently in the Jefferson County Jail charged with Battery in the third degree and failure to appear.[3] He asks this Court to issue an Order granting his habeas corpus relief. For the reasons

---

[1] *Williams v. Kelley*, 858 F.3d 464, 473 (8th Cir. 2017) (implicitly acknowledging that a petition brought under § 2241 "would not be subject to the requirements of §2244(b)"); *Sharrah v. Damante*, No. 2:22-cv-02040-PKH-MEF, 2022 WL 956279, at * 3 (W.D. Ark. Mar. 9, 2022); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1350 (11th Cir. 2008) ("There is simply no basis in the statutory text for extending the gatekeeping requirement [of § 2244(b)(3)] to federal prisoners entitled to proceed under § 2241."); *In re Slatton*, 165 F.3d 28 (Table), 1998 WL 661148, at *3 (6th Cir. 1998) ("By its own language, § 2244(b) does not contemplate a habeas corpus petition filed under § 2241."). *But see Shabazz v. Keating*, 242 F.3d 390 (Table), 2000 WL 1763456, at *2 (10th Cir. 2000) (noting that the Ninth has applied § 2244 to "successive §2241 petitions filed by 'state' petitioners") (citing *Greenawalt v. Stewart*, 105 F.3d 1287 (9th Cir. 1997)).

[2] Because Petitioner challenges his pretrial detention on pending charges, his Petition is construed as requesting relief pursuant to § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) ("Pretrial [habeas] petitions are properly brought under § 2241 regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him") (internal quotations and citation omitted).

[3] *See* https://www.jeffcoso.org/roster_view.php?booking_num=100097Y (last visited April 26, 2022).

discussed below, the Court dismisses the petition without prejudice.[4]  *See* Rule 4 of the Rules Governing Habeas Cases (requiring dismissal of a habeas petition on a preliminary review if "it plainly appears from the petition . . . that the petitioner is not entitled to relief."

## DISCUSSION

Before a state prisoner can seek federal habeas relief, he ordinarily must "exhaus[t] the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), "thereby affording those courts the first opportunity to address and correct" alleged violations of a prisoner's federal constitutional rights.  *Walker v. Martin*, 131 S.Ct. 1120, 1127 (2011).  State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

The exhaustion requirement likewise applies to § 2241 habeas petitions challenging a pending state criminal prosecution.  *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981) (future prosecution under state indictment); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981) (pending state prosecution).  Federal courts should decline jurisdiction over pretrial habeas petitions brought pursuant to § 2241 if the issues may be resolved by the state trial court or other state procedures are available to the petitioner.  *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see also Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.").

Petitioner has not demonstrated that the existing state procedures are ineffective to protect his constitutional rights or that extraordinary circumstances exist warranting federal intervention

---

[4] The Court notes Petitioner did not pay the $5.00 filing fee for this action.  Ordinarily that omission would have prompted the Court to hold Petitioner's submission in abeyance until he paid the proper filing fee or applied for leave to proceed *in forma pauperis*.  However, it is readily apparent that this action will have to be summarily dismissed for the reasons discussed herein and addressing the fee issue would only delay the inevitable dismissal of this action

with the state's pending judicial procedures. Thus, this habeas action must be dismissed, without prejudice.

## CONCLUSION

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (Doc. No. 2) is DENIED, all pending motions are DENIED as moot, and that the case is DISMISSED, WITHOUT PREJUDICE.

IT IS SO ORDERED this 27th day of April 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE